UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re:<br><br>FINE DIAMONDS, LLC<br>                       Debtor. | Chapter 7 Case<br>No. 09-10492 (REG) |
| GREGORY MESSER, as Chapter 7 Trustee<br>of Fine Diamonds, LLC,<br><br>                    Plaintiff,<br>                  v.<br><br>PEYKAR INTERNATIONAL CO., INC., MITCH PEYKAR<br>and MEHRAN PEYKAR,<br>                  Defendants. | Adversary Proceeding<br>No. 09-01033 (REG) |

ERRATA ORDER RE MEMORANDUM AND
ORDER WITH RESPECT TO DECISION AFTER
TRIAL

This matter having come up on the Court's own motion, it is ORDERED:

1. The Court's Memorandum and Order with Respect to Decision after Trial, dated November 18, 2013, is corrected in the respect noted below:

    (a) Last paragraph: change "Mitchell" to "Mitch".

2. Future references to this decision shall be to the decision as corrected, a copy of which is attached as exhibit A.


Dated: New York, New York          *s/Robert E. Gerber*
      January **17**, 2014              United States Bankruptcy Judge

-1-

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FINE DIAMONDS, LLC<br>　　　　　　　　　　　Debtor.<br><br>GREGORY MESSER, as Chapter 7 Trustee<br>of Fine Diamonds, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br>　　　　v.<br><br>PEYKAR INTERNATIONAL CO., INC., MITCH PEYKAR<br>and MEHRAN PEYKAR,<br>　　　　　　　　　　　Defendants. | Chapter 7 Case<br>No. 09-10492 (REG)<br><br><br><br><br>Adversary Proceeding<br>No. 09-01033 (REG) |

MEMORANDUM AND ORDER WITH RESPECT
TO DECISION AFTER TRIAL

Constitutional limits on the power of bankruptcy judges to enter final judgments in certain matters have resulted in confusion here as to "what happens next" after a bankruptcy judge, in lieu of entry of a judgment in an adversary proceeding, issues proposed findings of fact and conclusions of law, and a party wishes entry of a judgment implementing them, on the one hand, or is unhappy with them, on the other.

Here I issued a Decision after Trial,[1] noting that by reason of constitutional constraints on my power as a bankruptcy judge to issue a final judgment on most of the claims, my decision should be deemed to be proposed findings of fact and conclusions of

---

[1] *See Messer v. Peykar Int'l Co. (In re Fine Diamonds, LLC)*, --- B.R. ---, 2013 Bankr. LEXIS 4280, 2013 WL 5614231 (Bankr. S.D.N.Y. Oct. 11, 2013) (ECF #108).

-1-

law ("**Proposed Findings**").[2]  I also issued a supplemental order providing for notice of the Proposed Findings, initiating the process under Fed.R.Bankr.P. 9033, discussed below, with which the bankruptcy clerk's office duly complied.  Thereafter, defendants Mitch and Mehran Peykar filed notices of appeal from the Proposed Findings,[3] although there was not yet a judgment from which to appeal, and where the appropriate procedure would have been to file objections to the Proposed Findings in accordance with Rule 9033.  At the same time, my Chambers received an inquiry (to which it did not respond, and to which I respond only by this Memorandum and Order), from the plaintiff side, as to what it should do if it simply wanted judgment entered by the district court consistent with the Proposed Findings.

I find no fault with either side; the uncertainty is understandable.  There are holes in the procedure, which the Court's Local Rules only partially plug.  This Memorandum and Order addresses the remainder.

Fed.R.Bankr.P. 9033 provides, in relevant part:

> *(a) Service*
>
> In non-core proceedings heard pursuant to 28 U.S.C. § 157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law.  The clerk shall serve forthwith copies on all parties by mail and note the date of mailing on the docket.

---

[2] *See* 2013 Bankr. LEXIS 4280, at *69, 2013 WL 5614231, at *21 ("This is a Decision only, and neither an order nor judgment.  Under Fed.R.Bankr.P. 7058 and Fed.R.Civ.P. 58, the judgment will need to be embodied in a separate document.  At this point, this Decision should be deemed to be this Court's Proposed Findings of Fact and Conclusions of Law, subject to the procedures set forth in Fed.R.Bankr.P. 9033."). *See also id.* n.3, explaining the reason for that approach.

[3] *See* ECF #112, #114.

> *(b) Objections: time for filing*
>
> Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.
>
> . . . .
>
> *(d) Standard of review*
>
> The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Thus in non-core matters,[4] under national Bankruptcy Rule 9033, district judges review the proposed findings; rule on any objections to the proposed findings that may have been filed; and enter judgment consistent with the proposed findings, decline to do so, or take any of the other actions enumerated in Rule 9033(d). They may also, if

---

[4] It is *non-core* matters to which 28 U.S.C. § 157(c)(1), mentioned in Rule 9033(a), applies. *See* section 157(c)(1) ("A bankruptcy judge may hear a proceeding that is not a core proceeding . . . . In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.").

warranted, overrule the objections but nevertheless make any further adjustments to the findings they deem appropriate.[5]

In matters that are statutorily core but nevertheless beyond the constitutional power of a bankruptcy judge to enter a final judgment, district judges, at least in this district, do likewise—under caselaw,[6] bankruptcy court local rule,[7] and district court standing order.[8]

---

[5]  *See*, *e.g.*, *Fox v. Koplik (In re Perry H. Koplik & Sons, Inc.)*, 499 B.R. 276, 309–10, n.2, n.10 (S.D.N.Y. 2013) (Castel, J.).

[6]  *See*, *e.g.*, *Retired Partners of Coudert Brothers Trust v. Baker & McKenzie*, 2011 U.S. Dist. LEXIS 110425, at *6–7, 2011 WL 5593147, at *3 (S.D.N.Y. Sept. 22, 2011) (McMahon, J.) (converting bankruptcy court ruling into report and recommendation); *Adelphia Recovery Trust v. FLP Group, Inc. (In re Adelphia Commun. Corp.)*, 2012 U.S. Dist. LEXIS 10804, at *16–18, *22–23, 2012 WL 264180, at *6, *8 (S.D.N.Y. Jan. 30, 2012) (Crotty, J.) (noting, on motion for withdrawal of reference, that while Judicial Code and Bankruptcy Rules didn't specifically contemplate bankruptcy courts issuing proposed findings on core matters where the bankruptcy judge's issuing a final judgment was constitutionally prohibited, bankruptcy court "should proceed with the reference, conduct the trial and issue proposed findings of fact and conclusions of law"); *Kirschner v. Agoglia (In re Refco Inc.)*, 461 B.R. 181, 192–93 (S.D.N.Y. 2011) (Drain, J.) (concluding that the court had authority to enter final judgment on avoidance claims but in any event had the power to submit proposed conclusions of law to the district court); *In re Containership Co. (TCC) A/S*, 466 B.R. 219, 234 (Bankr. S.D.N.Y. 2012) (Lane, J.) (same, citing several of the earlier cases).

[7]  S.D.N.Y. Rule 9033-1, captioned "Proposed Findings and Conclusions in Certain Core Proceedings," provides:

> If the Court determines that it cannot enter a final order or judgment consistent with Article III of the United States Constitution in a particular proceeding referred to the Court and designated as core under section 157(b) of title 28, and the Court hears the proceeding, Rule 9033(a), (b), and (c) of the Federal Rules of Bankruptcy Procedure shall apply as if it is a non-core proceeding.

[8]  The district court's Amended Standing Order of Reference Re: Title 11, M10–468, 12 Misc 00032, dated January 31, 2012 (Preska, C.J.), provides, in relevant part:

> If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a

-4-

But national Bankruptcy Rule 9033, S.D.N.Y. Bankruptcy Rule 9033-1, and the District Court's Amended Standing Order of Reference do not address what parties should do if they have *no* objections, but still want entry of a judgment by the district court. And the applicable rules and orders do not address the mechanics of the docketing in the district court that is necessary for entry of a judgment and for the district court's consideration of any objections that might be filed.

To address those gaps, I believe that I may, and should, order on my own motion, since Rule 9033 objections were not lodged, (1) the opening of a matter in the district court for the consideration (and, if appropriate, implementation) of my Proposed Findings, and (2) the transmission of my Proposed Findings and the record on which they were based—all, of course, for further proceedings as a district judge may see fit. A party that wishes implementation of the Proposed Findings may then ask the district judge to issue a judgment on them, and a party who has objections may then be heard.[9]

The bankruptcy clerk is authorized and directed (1) to open up a "Civ" case in the district court, and (2) to electronically transmit to the district court, for filing in that case, (a) the Proposed Findings; (b) this Memorandum and Order; and (c) the remainder of the bankruptcy court ECF docket[10] in this adversary proceeding.

---

final order or judgment consistent with Article III of the United States Constitution.

[9] I don't express a view as to what a district judge should do if an objecting party has failed to comply with the requirements of Fed.R.Bankr.P. 9033, or, as here, has, notwithstanding the absence of a judgment at the bankruptcy court level, filed a notice of appeal in lieu of compliance with Rule 9033. Those decisions are properly made by the district judge.

[10] When the matter goes up to the district court, the parties or the district judge may wish supplementation of the documents that are now on ECF, *e.g.*, by the inclusion of trial exhibits or transcripts that were not docketed here. Whether that is done, and, if so, how accomplished, is a matter best decided by the district court.

This order is without prejudice to the rights of any party to address the significance, if any, of the early filing of an appeal by defendants Mitch and Mehran Peykar; their failure to comply with Rule 9033; or any other matter with respect to whether judgment should be entered consistent with my Proposed Findings.

SO ORDERED.

Dated: New York, New York          *s/Robert E. Gerber*
November __18__, 2013          United States Bankruptcy Judge